No. 17,249.

MILLS *v.* SHARPE.
(272 P. [2d] 641)

Decided July 6, 1954.

Messrs. MABRY & MABRY, for plaintiff in error.

Messrs. THULEMEYER & STEWART, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS cause is brought to our Court by writ of error to review the proceedings in the district court of Otero county. The parties will herein be designated as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff, a contractor, by his complaint, sought judgment against defendant on an account on the basis of quantum meruit for labor performed in the construction of four irrigation dams and for his moving expenses in connection therewith. Defendant, by answer, denied any indebtedness to plaintiff. The case was tried to the court which found the issues for plaintiff against defendant, entered judgment in plaintiff's favor for $1,002.00, and costs, and dispensed with motion for a new trial.

Counsel for defendant Mills specify four points as reversible error, namely: 1. That defendant Mills was not a party to the contract; there was no privity of contract between plaintiff and defendant, no consideration and no mutuality of contract. 2. That the court erred in denying defendant's motion to dismiss the case. 3. That the court erred in rejecting parole evidence as to what the contract between Watkins and plaintiff really was. 4. That plaintiff did not sustain the burden of proof.

As having a bearing on his claim, plaintiff introduced in evidence a "memoranda and agreement" signed by himself and Glen A. Watkins, wherein some terms of the labor costs of building the dams were set out.

Plaintiff built four dams. He filed a statement of account, claiming as due him for labor on said dams and for moving equipment to locations, a total amount of $1,002.00.

The trial court made extensive findings on the "memoranda and agreement," and on plaintiff's claim. On that part of the findings relating to plaintiff's claim, it found:

"* * * between June 20, 1952 and July 2, 1952, plaintiff did work on four dams — the subject matter of this action — on what he believed was the land of the defendant, Zella Mills.

"At the time of said work, the defendant was the record owner of the land on which dam number 2 was located. She was also using the land on which dams numbers 1, 3 and 4 were located, for her cattle, and paying the taxes for the use thereof, in addition to the land on which dam number 2 was located.

"That the defendant directed the work on each of the dams and changed the plans for dam number 1; halted the work on dam number 4 when a pit behind the dam became filled with water; and generally acted in a way to indicate to the plaintiff that the work done by plaintiff was being done by him at the instance of and under the direction of the defendant * * *."

* * *

"The total value of the work and transportation allowances on defendant's share of the work under the contract would have been $1002.00.

* * *

"Plaintiff maintains that he mailed a statement for his services in doing the work, to the defendant, after he had completed the four dams. At an undetermined date in July 1952, after the work was completed, plaintiff went to defendant's house with Mr. Palmer, his employee, and asked for payment for the work. Defendant did not pay him. The defendant then drove her car to the home of Glen A. Watkins, taking plaintiff and Mr. Palmer with her, for the purpose of obtaining money to

pay for the work. Glen A. Watkins refused to furnish money or pay for the work.

"Conclusions of Law

\* \* \*

"The defendant \* \* \* attempted to submit evidence of the failure of the plaintiff to do the work in accordance with soil conservation specifications; this special defense was not pleaded in accordance with rule 8 (c), Rules of Civil Procedure, so the proof was rejected by the Court.

\* \* \*

"It is therefore ordered by the court, that plaintiff Herbert Sharpe, do have and recover of and from the defendant, Zella Mills, also known as Zellah Mills, judgment in the sum of $1002.00."

■ It is apparent that both counsel and the trial court labored under some confusion as to the theory on which plaintiff's claim rested for trial. Plaintiff in his complaint did not disclose an action on contract, but instead pleaded an action on account, on the basis of quantum meruit. Defendant's sole defense was, "she denies that she is indebted to plaintiff in the sum of $1002.00, according to the account annexed to the complaint \* \* \* in any sum whatsoever, or for any purpose." If plaintiff did this work for defendant's benefit and with her knowledge, then he is entitled to reasonable compensation therefor.

■ Defendant Mills' acts in pointing out directly, or by others with her acquiescence, the location of the dams; her direction of the work being performed; her changing of the plans thereof and stoppage of some of the work thereon; all support the trial court's findings that she had knowledge of the terms of the work being done by plaintiff. In her testimony she did not question any item of plaintiff's account. She did deny other facts, but the trial court determined those facts, on disputed testimony, favorable to plaintiff against defendant. The record discloses substantial evidence to support the trial court's findings that defendant was indebted to plaintiff

for work performed in the sum claimed by him and that the same had not been paid. This disposes of specified points 1, 2 and 4.

■ Defendant's specified point No. 3 related to the trial court's refusal to admit parole evidence to add additional terms for the work performed. Assuming that such new terms, as they might relate to plaintiff's claim, could be available under defendant's general denial, the record here discloses that, despite the court's ruling, the rejected testimony later was introduced without further objection and that same failed to sustain the offered defense. If there was error in the rejection of the parole evidence, the error later was cured by the subsequent introduction of the evidence. The trial court, on disputed evidence, found for plaintiff against defendant on this issue.

The trial court's findings are supported by substantial evidence and there being no prejudicial error in the court's rulings, the judgment accordingly is affirmed.

Mr. Chief Justice Stone, Mr. Justice Alter and Mr. Justice Clark concur in the result.